UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.: 3:03-CR-6-PLR-CCS |
| | ) | |
| NATHANIEL T. TAYLOR | ) | |

## MEMORANUM AND ORDER

This matter is before the Court on the defendant's *pro se* motion for early termination of supervised release [R. 82]. In support of his motion, Defendant states that he received a five-year term of supervised release which is scheduled to expire in January 2015. He has maintained steady employment and has performed well while on supervised release.

Defendant pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced to 135 months imprisonment, followed by a five-year term of supervised release on August 5, 2003. His sentence was reduced to 110 months based on the Government's motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, on April 7, 2005. On October 17, 2008, Defendant's sentence was further reduced to 98 months, pursuant to 18 U.S.C. § 3582(c) (retroactive amendments to the crack cocaine guidelines). Defendant began his term of supervised release on January 8, 2010, and it is set to expire on January 7, 2015.

The Probation Office reports that on August 17, 2013, Defendant was arrested for Domestic Assault and Resisting Arrest. Defendant was placed back on code-a-phone, drug testing, and the criminal cases were monitored. The Domestic Assault case was dismissed, and the resisting arrest charge was resolved by placing Defendant on probation. The Probation Office reports that Defendant has maintained good conduct since the incident on August 17, 2013. In addition, Defendant has maintained employment; has had no further arrests; and has had no positive drug tests. The government has not filed any opposition to Defendant's motion.

Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of Defendant's supervised release. In support of this determination, the Court notes that Defendant has completed more than one year of his term of supervised release, and that defendant currently is in compliance with the conditions of his release. The Court also notes that Defendant has maintained steady employment since his release from prison. In addition,

neither his probation officer, nor the Government, oppose the motion. Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied and in light of the lack of any objection by the Probation Office or the Government, the Court finds Defendant's motion for early termination of supervised release well-taken, and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

IT IS SO ORDERED.

Enter:

_____
UNITED STATES DISTRICT JUDGE